IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE D. ROBINSON,

        Plaintiff,                       No. CIV S-06-0163 DFL DAD P

    vs.

DEPUTY HUFFMAN, et al.,

        Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        By order filed January 30, 2006, plaintiff's initial motion to proceed in forma pauperis was denied without prejudice and plaintiff was granted thirty days to file a new application. Plaintiff's second application to proceed in forma pauperis, filed on April 4, 2006, makes the showing required by 28 U.S.C. § 1915.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). Pursuant to the screening requirement, the court must dismiss a prisoner's claims if

1

they are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief.  28 U.S.C. § 1915A(b)(1) and (2).  Similarly, when any plaintiff seeks leave to proceed in federal court in forma pauperis, the court is required to dismiss the case if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court will accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court will also construe the pleading in the light most favorable to the plaintiff and resolve doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In the present case, plaintiff is now a state prisoner confined in Deuel Vocational Institution in Tracy, California.  When plaintiff filed this action, he was confined in the Sacramento County Main Jail.  His action concerns events that allegedly occurred at Rio Cosumnes Correctional Center in Sacramento County.  Plaintiff has sued two deputy sheriffs and alleges that he filed a grievance and completed the grievance process.

1   Plaintiff's statement of claim is as follows:

2   On or about July 14, 2005 Deputy Huffman #458 intercepted and illegally opened my confidential legal mail without my consent or
3   myself being present.

4   On or about August 6, 2005, Deputy Campbell #  ?  ordered myself to pack my property to be re-housed in 448-50 of RCCC
5   (dorm living).

6   (Both deputies were working together at the time of incident.)

7   (Compl. at 3.)  Plaintiff seeks cost of suit and "such relief as is fair, just, and equitable; as well as
8   compensatory damages."  Id.

9   Plaintiff's conclusory allegation concerning a piece of mail is devoid of facts
10  demonstrating that the mail was legal mail.  Nor does the allegation demonstrate that the
11  defendant did anything other than inspect the envelope for contraband.  See Royse v. Superior
12  Court, 779 F.2d 573 (9th Cir. 1986) (holding that inspection of mail for contraband does not
13  violate the right of access to the courts).

14  It is well established that inmates enjoy a First Amendment right to send and
15  receive mail.  Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) (citing
16  Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)).  However, jail and prison officials may adopt
17  a regulation or a practice that impinges on an inmate's First Amendment rights if the regulation
18  or practice is "reasonably related to legitimate penological interests."  Turner v. Safley, 482 U.S.
19  78, 89 (1987).  The mere inspection of non-legal mail for contraband does not violate a
20  prisoner's constitutional rights.  O'Keefe v. Van Boening, 82 F.3d 322, 325-27 (9th Cir. 1996);
21  Witherow, 52 F.3d at 265-66.  Although legal mail must be treated more carefully than non-legal
22  mail, jail and prison officials may also develop and implement procedures for inspecting legal
23  mail.  Wolff v. McDonnell, 418 U.S. 539, 577 (1974).  Jail and prison officials do not violate an
24  inmate's First Amendment rights by opening mail from the courts because "[m]ail from the
25  courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."  Keenan v. Hall, 83 F.3d
26  1083, 1094 (9th Cir. 1996), as amended by 135 F.3d 1318 (9th Cir. 1998).

The allegation of an isolated instance of mail interference does not state a First Amendment claim, absent evidence of improper motive or actual interference with the prisoner's right to counsel or his right of access to the courts.  See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990); Jackson v. Procunier, 789 F.2d 307, 311-12 (5th Cir. 1986); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974) (per curiam); Lingo v. Boone, 402 F. Supp. 768, 773 (N.D. Cal. 1975).  A prisoner who alleges a violation of his right of access to the courts must allege an actual injury.  Lewis v. Casey, 518 U.S. 343, 351 (1996); see also Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994).  "Actual injury" means a "specific instance in which an inmate was actually denied access to the courts."  Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989).  The occasional negligent or inadvertent opening of an inmate's legal mail does not rise to the level of a constitutional rights violation.  Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989); see also Sands, 886 F.2d at 1171.

Plaintiff's allegation against defendant Campbell is even more vague than his allegation against defendant Huffman.  The mere fact that plaintiff was ordered to pack his belongings for a move to a different location in the facility has no constitutional significance because inmates do not have a constitutional right to be incarcerated at a particular correctional facility or in any particular cell or unit within a facility.  See Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

Plaintiff's allegations against defendants Huffman and Campbell are factually and legally frivolous and fail to state any claim upon which relief may be granted.  It does not appear that plaintiff can amend his pleading to state a § 1983 claim against either defendant.  Plaintiff's in forma pauperis application should be denied and this action should be dismissed with prejudice.  See Coakley v. Murphy, 884 F.2d 1218, 1221-22 (9th Cir. 1989).

/////

/////

/////

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's April 4, 2006 application to proceed in forma pauperis be denied; and

2. This action be dismissed with prejudice as legally and factually frivolous and for failure to state any claim upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 16, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
robi0163.56

5