IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE D. ROBINSON,<br><br>             Plaintiff,<br><br>     vs.<br><br>DEPUTY HUFFMAN, *et al*,<br><br>             Defendants. | No. 2:06-cv-00163-JKS-DAD<br><br>ORDER |

      Plaintiff, a state prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On November 16, 2006, the Magistrate Judge filed Findings and Recommendations, which were served on all parties and which contained notice to all parties that any objections to the Findings and Recommendations were to be filed within twenty days.  Plaintiff has filed objections to the Findings and Recommendations.

      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, with particular attention to those portions relevant or pertinent to the objections raised, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

      Plaintiff's complaint asserts two claims: (1) that his confidential legal mail was opened without his consent or his being present; and (2) he was transferred to be rehoused in a "dormitory" living arrangement.

      In his objection Plaintiff refers to a single incident in which a deputy sheriff opened "confidential legal mail" outside Plaintiff's presence and without his consent.  The exhibit attached to the objection, which was allegedly improperly opened, bears the Plaintiff's return

address, addressed to the Office of the Clerk, District Court, Sacramento, and is clearly marked "Confidential Legal Mail." It is clear that the opening and inspection of mail between an inmate and the inmate's attorney is protected to a certain degree under the Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 576–77 (1974) (legal mail may be opened and inspected for contraband, but, perhaps, not read). However, there is no controlling authority holding that a constitutional right is infringed when mail between a prisoner and the court is opened and inspected, even if it is read. Mail from the courts is not legal mail. *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), as amended, 135 F.3d 1318 (9th Cir. 1998). As the *Keenan* panel noted, with minute exceptions, correspondence from the court is a public document. Likewise, with few exceptions, pleadings and papers sent to the court become part of the public record. As described in his Inmate Grievance/Suggestion (Exhibit C to the Objection), the document was a "civil claim"; hardly a confidential document. Even assuming a constitutional right was implicated by the opening of the mail addressed to the Clerk of the Court, Plaintiff has failed to plead that his access to the courts was in any way impeded.[1] Without a specific instance where Plaintiff was actually denied access, there is no actual injury, the *sine qua non* to pursuing his claim. *See Lewis v. Casey*, 518 U.S. 343, 351–52 (1996).

As to his second claim, his complaint appears to be that he was moved from a more private cell setting to a dormitory setting in retaliation for complaining about his legal mail being opened. Other than his conclusory allegation that it was retaliatory in nature there is no evidence to support his claim. As the Magistrate Judge correctly noted there is no constitutional right to be incarcerated at a particular correctional facility or a particular unit within the facility. *See Meachum v. Fano*, 427 U.S. 215, 224–25 (1976). In particular, the Court notes that Plaintiff in this case was not placed in a punitive unit, *e.g.*, administrative segregation, nor was he denied any privileges or otherwise subjected to punishment or other disciplinary action. His complaint is that by being placed in the dormitory setting he somehow was denied his privacy, which interfered with preparation of his defense. This does not infringe upon any identifiable or cognizable constitutionally protected right.

---

[1] The mail was returned to Plaintiff after it was opened undelivered because it bore insufficient postage.

The complaint is frivolous and fails to state a cause of action against either Defendant. Furthermore, it does not appear that Plaintiff could plead any set of facts that would entitle him to relief.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. The Findings and Recommendations filed November 16, 2006, are adopted in full;

2. The Complaint is hereby DISMISSED, with prejudice, for failure to state a cause of action; and

3. The Clerk of the Court to enter final judgment accordingly.

Dated:  March 7, 2008.

                                            s/ James K. Singleton, Jr.
                                            JAMES K. SINGLETON, JR.
                                            United States District Judge